**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WILSON CACERES, LUIS BARBECHO, and CESAR BARBECHO, Individually and on Behalf of All Others Similarly Situated,**<br><br>                        **Plaintiffs,**<br><br>-against-<br><br>**PAN BROTHERS ASSOCIATES, INC., TRI-STATE BUILDING CORP., PETER PANTELIDIS, GEORGE PANTELIDIS, and JAMES PANTELIDIS, Jointly and Severally,**<br><br>                        **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Wilson Caceres, Luis Barbecho  and Cesar Barbecho (the "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief at to other matters, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former demolition workers, construction workers, bricklayers, carpenters, painters, electricians, plumbers, and general laborers for Defendants' general construction and real estate company.  For their work, despite the fact that Plaintiffs and Defendants' other non-exempt employees worked more than forty (40) hours per week, Defendants paid Plaintiffs on a "daily rate" basis without overtime premiums for hours worked over forty (40) in a given workweek.

2.      Plaintiffs bring this action to recover unpaid overtime wages owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*

3.      Plaintiffs also bring this action to recover damages for Defendants' failure to provide proper wage statements and wage notices pursuant to the NYLL.

4.      Plaintiffs bring their FLSA claim on behalf of themselves and all other construction and demolition workers, including but not limited to, carpenters, painters, electricians, plumbers, and general laborers of Defendants.

5.      Plaintiffs bring their NYLL unpaid overtime, wage statement and wage notice claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of construction and demolition workers, including but not limited to, carpenters, painters, electricians, plumbers, and general laborers of Defendants in New York.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA

pursuant to 29 U.S.C. § 216(b).

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district and Defendants maintain business locations in this district.

8.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

9.  Plaintiff Wilson Caceres ("Caceres") was, at all relevant times, an adult individual residing in Queens County, New York.

10.  Plaintiff Luis Barbecho ("L. Barbecho") was, at all relevant times, an adult individual residing in Queens County, New York.

11.  Plaintiff Cesar Barbecho ("C. Barbecho") was, at all relevant times, an adult individual residing in Kings County, New York.

12.  Throughout the relevant time period, Plaintiffs worked for Defendants in and around New York City based out of Defendants' corporate offices at 14 West 23rd Street, Suite 5, New York, New York 10010.

13.  Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**Defendants:**

14.  Defendant Pan Brothers Associates, Inc. is an active domestic business corporation with its principal place of business at 14 West 23rd Street, Suite 5, New York, New York 10010.

15.  Defendant Tri-State Building Corp. ("Tri-State Building") is an active domestic

business corporation with its principal place of business at 14 West 23rd Street, 5th Floor, New York, New York 10010.

16.     Defendants Pan Brothers Associates, Inc. and Tri-State Building are hereinafter referred to collectively as "Pan Brothers" or the "Corporate Defendants."

17.     Defendant George Pantelidis ("G. Pantelidis") is an owner, operator and manager of the Corporate Defendants and sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

18.     Defendant James Pantelidis ("J. Pantelidis") is an owner, operator and manager of the Corporate Defendants and sets Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

19.     Defendant Peter Pantelidis ("P. Pantelidis" and together with G. Pantelidis, and J. Pantelidis, the "Individual Defendants" and collectively with the Corporate Defendants, the "Defendants") is an owner and operator of the Corporate Defendants and sets Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

20.     Throughout the relevant time period, the Individual Defendants were in charge of hiring and firing employees, setting schedules and wage rates, determining Pan Brothers' policies with respect to payroll, and otherwise running the business of Pan Brothers.

21.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously in their direction and control of Plaintiffs and the Corporate Defendants' other similarly situated employees, and are an "employer" pursuant to the FLSA, 29 U.S.C. § 203 (d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

22.     The Corporate Defendants' operations are interrelated and unified.

23.     The Corporate Defendants are joint employers of Plaintiffs and the Collective Action Members/Class Members.

24.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25.     Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.00.

26.     At all relevant times, Defendants employed and/or continues to employ Plaintiffs and each Collective Action Member within the meaning of the FLSA, 29 U.S.C. § 203(d).

27.     At all relevant times, Defendants employed and/or continues to employ Plaintiffs and each Class Member within the meaning of the NYLL, §§ 2 and 651.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf and the following collective:

> All persons employed by Defendants at any time since February 28, 2014 and through the entry of judgment in this case (the "Collective Action Period") who worked for Defendants as construction workers or demolition workers, including but not limited to, carpenters, painters, electricians, plumbers, and general laborers (the "Collective Action Members").

29.     A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay Plaintiffs and similarly situated employees overtime premiums for all hours worked over forty (40) per workweek.  As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally required overtime premium payments for

all hours worked in excess of forty (40) per week.

30.    Plaintiffs and the Collective Action Members had substantially similar job duties, work schedules, and were paid by Defendants pursuant to the same or substantially similar payment structure.

## RULE 23 CLASS ALLEGATIONS

31.    Pursuant to the NYLL, Plaintiffs bring their Second through Fourth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants at any time since February 28, 2011 and through the entry of judgment in this case (the "Class Period") who worked for Defendants as construction workers or demolition workers, including but not limited to, carpenters, painters, electricians, plumbers, and general laborers (the "Class Members").

32.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

33.    The Class Members are so numerous that joinder of all members is impracticable.

34.    Although the precise number of Class Members is unknown to Plaintiffs, the facts on which the calculation of that number can be based is presently within the sole control of Defendants.

35.    Upon information and belief, there are approximately forty (40) Class Members.

36.    Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting the individual members of the Class.  Such common questions will determine Defendants' liability to all (or nearly all) Class Members.  These common questions

include, but are not limited to:

a.     whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

b.     whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums when they worked more than forty (40) hours in a given workweek;

c.     whether Defendants' policy of failing to pay workers overtime premiums was instituted willfully or with reckless disregard of the law;

d.     whether Defendants failed to provide Plaintiffs and the Class Members with a proper wage notice at the beginning of their employment and/or on February 1 of each year, as required by the NYLL;

e.     whether Defendants failed to provide Plaintiffs and the Class Members with a proper wage statement with their wages, as required by the NYLL;

f.     whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

g.     whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

37.     The answers to these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiffs on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

38.     <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, are demolition workers, construction workers, bricklayers, carpenters, painters,

electricians, plumbers, and general laborers who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, not paid overtime premium pay for hours worked over forty (40) in a given workweek; were not provided with proper wage statements; and were not provided with proper wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

39.    <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own wages.

40.    Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

41.    <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

42.    Defendants are sophisticated parties with substantial resources. Individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

43.    The individual members of the class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Defendants' Company

44.    At all relevant times, Defendants have been in the construction, demolition, restoration and real estate business. According to the Pan Brothers' website, Defendants:

> "Pan-Brothers Associates is a family owned and operated business which offers full Real Estate Development, Management and Brokerage Services. …Founded in 1972 by three brothers, Pan-Brothers Associates began by acquiring residential and commercial properties in Brooklyn, NY with focus on adding value by renovating and maximizing revenues. By maintaining its original investment practices and style of management for the past 42 years, Pan-Brothers Associates has steadily increased its investment portfolio by including larger scale commercial, retail and residential developments in New York, New Jersey, Florida, California and Ohio."

(http://panbrothers.com/)

45.    Upon information and belief, Defendant George Pantelidis is a Co-founder and Principal at Pan-Brothers Enterprise, who "…visits properties under consideration… oversees the marketing of all retail leasing details… reviews and qualifies all acquisition candidates and is very active during their purchase negotiations." (http://panbrothers.com/).

46.    Upon information and belief, Defendant James Pantelidis is a Co-founder and Principal at Pan-Brothers Enterprise, who "…brings a unique combination of skills and knowledge develop through 40 years of practical hands-on real estate development. Through private equity and institutional banking relationships he has successfully placed construction, acquisition, and mortgage refinancing funding on all company projects. James has developed the team for the management, construction and finance activity of Pan-Brothers." (http://panbrothers.com/).

47.    Upon information and belief, Defendant Peter Pantelidis is a Co-founder and Principal at Pan-Brothers Enterprise, who "…managed the family home improvement contracting

company …Peter's management skills and construction knowledge were instrumental in developing a third-party management department which was responsible for 85 buildings consisting of 7,200 apartments. …Today Peter is active in all construction management and supervision." (http://panbrothers.com/).

48.     Defendants G. Pantelidis, J. Pantelidis, and P. Pantelidis, are constantly present at the job sites, where they oversee the business, supervise employees and generally take an active role in ensuring that their business is run in accordance with their practices and procedures.

**Plaintiffs' Work for Defendants**

49.     **Plaintiff Wilson Caceres** was employed by Defendants as a demolition worker, construction worker, painter, carpenter, plumber, electrician, and general laborer, from in or around 2009 to in or around January 2017 (the "Caceres Employment Period").

50.     During the Caceres Employment Period, Plaintiff Caceres typically worked six (6) days per week, but sometimes worked seven (7) days per week, if the company was in a rush to finish a project.

51.     Plaintiff typically worked from between approximately 6:30 am and 7:00 am to between approximately 4:00 pm to 5:00 pm, nine (9) to ten (10) hours shifts, for a total of approximately fifty-four (54) to sixty (60) hours per week.

52.     During a period of approximately six (6) months during 2014, Plaintiff Caceres and other employees of Defendants, were required to work Mondays to Thursdays from approximately 7:00 am to approximately 5:30 pm, ten and one half (10.5) hours shifts, and for the remainder of the week, Fridays, Saturdays and Sundays, eight (8) hours shifts, for a total of approximately sixty-six (66) hours per week.

53.     For his work, from in or around 2009 to in or around 2012, Plaintiff Caceres was

paid one hundred dollars ($100.00) per day, for an eight (8) hour shift.  From in or around 2012 to in or around 2014, Plaintiff Caceres was paid one hundred twenty dollars ($120.00) per day, for an eight (8) hour shift.  From in or around 2014 to in or around 2015, Plaintiff Caceres was paid one hundred thirty dollars ($130.00) per day, for an eight (8) hour shift.  From in or around April 2016 to in or around January 2017, Plaintiff Caceres was paid one hundred forty dollars ($140.00) per day, for an eight (8) hour shift.

54.     **Plaintiff Luis Barbecho** was employed by Defendants as a demolition worker, construction worker, bricklayer, painter, carpenter, plumber, and general laborer, from in or around 2006 to in or around January 2017 (the "L. Barbecho Employment Period").

55.     Throughout the L. Barbecho Employment Period, Plaintiff L. Barbecho typically worked six (6) days per week, but sometimes worked seven (7) days per week if the company was in a rush to finish a project.

56.     Plaintiff typically worked during the week from between approximately 6:30 am and 7:00 am to between approximately 5:00 pm and 5:30 pm, ten (10) to eleven (11) hours shifts, and during Saturdays and Sundays, eight (8) hours shifts, for a total of approximately fifty-six (56) to sixty (60) hours per week.

57.     For his work, from in or around 2009 to in or around 2011, Plaintiff L. Barbecho was paid one hundred twenty dollars ($120.00) per day, for an eight (8) hour shift.  From in or around 2011 to in or around 2013, Plaintiff L. Barbecho was paid one hundred thirty dollars ($130.00) per day, for an eight (8) hour shift.  From in or around 2013 to in or around January 2017, Plaintiff L. Barbecho was paid one hundred fifty dollars ($150.00) per day, for an eight (8) hour shift.

58.     **Plaintiff Cesar Barbecho** was employed by Defendants as a demolition worker,

construction worker, painter, carpenter, plumber, and general laborer, from in or around 2007 to in or around January 2017 (the "C. Barbecho Employment Period").

59.    Throughout the C. Barbecho Employment Period, Plaintiff C. Barbecho typically worked six (6) days per week, but sometimes worked seven (7) days per week if the company was in a rush to finish a project.

60.    Plaintiff typically worked Mondays to Fridays from approximately 8:00 am to between approximately 6:00 pm to 6:30 pm, approximately ten (10) hour shifts, and on Saturdays, from approximately 8:00 am to approximately 4:30 pm, for a total of approximately fifty-eight (58) hours per week.

61.    For his work, from in or around 2007 to in or around 2010, Plaintiff C. Barbecho was paid one hundred dollars ($100.00) per day, for an eight (8) hour shift.  From in or around 2010 to in or around 2012, Plaintiff C. Barbecho was paid one hundred ten dollars ($110.00) per day, for an eight (8) hour shift.  From in or around 2012 to in or around 2014, Plaintiff C. Barbecho was paid one hundred twenty dollars ($120.00) per day, for an eight (8) hour shift.  From in or around April 2014 to the end of his employment period, Plaintiff C. Barbecho was paid one hundred fifty dollars ($150.00) per day, for an eight (8) hour shift.

62.    Throughout their respective employment periods, Defendants only compensated Plaintiffs for eight (8) hours per shift, regardless of the number of hours Plaintiffs had actually worked on a specific day.

63.    Throughout their respective employment periods, Plaintiffs were paid their wages entirely in cash without any wage statements or any other breakdown of their hours worked for the pay period, his hourly rate(s), or any other information required by the NYLL.

64.    Throughout their respective employment periods, Defendants do not provide a

reliable system to kept track the hours he worked on a specific job site during the day.

65.     Throughout their respective employment periods, despite the fact that they routinely worked well in excess of forty (40) hours each week, Plaintiffs did not receive overtime premium pay for hours worked over forty (40) in a given workweek.

66.     When Plaintiffs were able to take a break, it typically lasted thirty (30) minutes or less, but was often interrupted in order to take care of different tasks, such as receive deliveries for materials and other supplies at the job site.

67.     Defendants failed to provide Plaintiff with wage notices at the time of hire or on February 1 of each year.

68.     Plaintiffs each observed Defendants P. Pantelidis, J. Pantelidis, and G. Pantelidis, at the job sites, supervising employees and overseeing the operations of the business.

69.     Defendants have simultaneously employed other individuals in different job sites like Plaintiffs during the Class Period and Collective Action Period and continuing until today, to perform work as demolition workers, construction workers, bricklayers, painters, carpenters, plumbers, electricians, and general laborers.

70.     Upon information and belief, Defendants applied the same employment practices and policies to all of their construction and demolition workers including: paying a "daily rate" based on an eight (8) hour shift; not paying overtime premiums for hours worked over forty (40) in a week; not providing wage statements with each wage payment; and not providing wage notices on the date of hire and/or before February 1 of each year.

71.     Defendants failed to maintain accurate records regarding the time worked by Plaintiff and Defendants' other employees and the wages paid (if any) to Defendants' employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

72.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73.     By failing to pay Plaintiffs and the Collective Action Members overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

74.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

75.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Class Members)**

76.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of

pay for hours worked in excess of forty (40) per week, in violation of the NYLL and regulations promulgated thereunder.

78.    Defendants' failure to pay overtime caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et al.

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

81.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82.    Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiffs and the Class Members)**

84.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

85.     Defendants have willfully failed to supply Plaintiffs and the Class Members a proper wage statement as required by Article 6, § 195(3).

86.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants two hundred fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.      An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.      Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

i.      Two hundred and fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL § 195 occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL § 198(1)-d;

j.      An award of prejudgment and post-judgment interest;

k.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
    February 28, 2017

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs, the putative FLSA Collective and Class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Tri-State Building Corp., Pan-Brothers Associates, Inc., George Pantelidis, James Pantedilis, Peter Pantedilis y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.


_____
Firma

_Wilson Vicente Coceres Andrade_
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Tri-State Building Corp., Pan-Brothers Associates, Inc., George Pantelidis, James Pantedilis, Peter Pantedilis y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.


X _____          _____
          Firma                              Luis Barbecho.
                                         Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Tri-State Building Corp., Pan-Brothers Associates, Inc., George Pantelidis, James Pantelidis, Peter Pantelidis y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

X _____
　　　　　　Firma

_Cesar BARBECHO_
Nombre Escrito