```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/25/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WILSON CACERES, LUIS BARBECHO,
and CESAR BARBECHO, *individually and on
behalf of all others similarly situated*,

                         Plaintiffs,      **ORDER**

               -v-      17-CV-1496 (JLC)

PAN BROTHERS ASSOCIATES, INC.,
TRI-STATE BUILDING CORP., PETER
PANTELIDIS, GEORGE PANTELIDIS, and
JAMES PANTELIDIS, *jointly and severally*,

                         Defendants.
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Following a successful mediation of this wage-and-hour case conducted under the supervision of a mediator in the Court's Mediation Program on June 14, 2017 (Dkt. No. 35), the parties have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 37) and have now submitted a letter-motion (Dkt. No. 42) along with their proposed settlement agreement (Dkt. No. 42-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).  Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

      Having reviewed the letter-motion in support of the settlement and the proposed settlement agreement as well as being informed of the court-annexed mediation that led to the settlement, the Court finds that the proposed settlement (including the allocation of attorney's

fees and costs)[1] appears to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 332, 335 (S.D.N.Y. 2012)). Accordingly, the settlement is hereby approved.[2]

The parties are directed to submit a fully executed stipulation and order of dismissal by **September 11, 2017**.

The Clerk is hereby directed to close Docket No. 42.

**SO ORDERED.**

Dated: New York, New York
       August 25, 2017

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] In approving the attorneys' fees sought in this case, the Court expresses no opinion as to whether the proposed hourly rates for plaintiff's counsel are reasonable. Given that the rates are offered merely as part of a "cross-check" of the contingency fee, the Court need not reach the issue.

[2] To be clear, the Court is approving the settlement of the wage-and-hour claims only in this Order. The parties are apparently negotiating a separate private agreement covering non-wage-and-hour claims. See Letter-Motion to the Court dated August 21, 2017, at 2 n.3. There is authority for proceeding in this fashion, in which the parties submit their FLSA agreement for court review and approval on the public record, but enter into a separate and confidential settlement agreement with respect to their non-wage-and-hour claims. See, e.g., Yunda v. Safi-G, Inc., No. 15-CV-8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) (approving the submission of two settlement agreements, one resolving plaintiff's FLSA claims that required court approval under Cheeks and the other resolving plaintiff's claims under New York Labor Law that did not require approval under Cheeks and containing a confidentiality clause, among other provisions); Abrar v. 7-Eleven, Inc., No. 14-CV-6315 (ADS) (AKT), 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (approving similar structure).